IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-00628-PAB

CHRISTOPHER WIECZOREK,

    Plaintiff,

v.

EDDIE WADSWORTH,
KNIGHT TRANSPORTATION, INC.,
VAHIK OHANESSIAN,
MIRU LOGISTICS, INC., and
INTERSTATE DISTRIBUTOR CO.,

    Defendants.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on defendant Miru Logistics, Inc.'s Notice of Removal [Docket No. 1]. Defendant states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 1 at 6, ¶ 24.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995),

*abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547 (2014) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Id.* Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.,* No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.,* 384 F.3d 1220, 1224 (10th Cir. 2004). Defendant Miru Logistics, Inc. ("Miru") invokes 28 U.S.C. § 1332 as the basis for this Court's diversity jurisdiction. Docket No. 1 at 6, ¶ 24. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States." The facts as presently averred, however, do not provide sufficient information regarding the citizenship of plaintiff, Vanik Ohanessian, Eddie Wadsworth, or Interstate Distributor Co.

The dispute in this case relates to a motor vehicle accident. *See* Docket No. 1-1 at 2-4, ¶¶ 8-29. The notice of removal states that Mr. Ohanessian "was a resident of

the State of California at the time of the collision" and that Mr. Wadsworth "was a resident of Denver, Colorado at the time of the collision." Docket No. 1 at 3, ¶¶ 13-14. Domicile, not residency, is determinative of citizenship. *See Kramer v. Sears Roebuck & Co.*, 1997 WL 141175, *3 (10th Cir. Mar. 28, 1997) (unpublished). In addition, "diversity jurisdiction is to be determined at the time that the lawsuit is commenced and again at the time of removal." *Nature's Sunshine Prod., Inc. v. De La Mora*, 2005 WL 6956457, at *1 (D. Utah May 2, 2005) (citations omitted). Because the notice of removal describes the individual defendants' places of residence at the time of the accident, instead of their domiciles at the time of filing and removal, the information provided does not allow the Court to determine whether there is diversity of citizenship in this case.

The notice of removal states that "[u]pon information and belief Plaintiff is a resident of Henderson, Nevada and was so both at the time of filing of the state court action and at the time of filing of the instant notice." Docket No. 1 at 4, ¶ 17. Similarly, to describe the citizenship of defendant Interstate Distributor Co., the notice of removal cites plaintiff's amended complaint, *id.*, ¶ 16, which provides that "on information and belief, Defendant Interstate Distributor Co. is a Washington corporation authorized to operate on the roadways of the United States with a principal office street address in Washington." Docket No. 1-1 at 2, ¶ 7. The removing party has the burden of demonstrating the Court's jurisdiction. Jurisdictional allegations made on "information and belief" do not satisfy that obligation. *Villanuevo v. Lowe's Home Centers, LLC*, No. 16-cv-02613-PAB-KLM, 2016 WL 7320393, at *2 (D. Colo. Dec. 16, 2016) (citing *Fifth*

*Third Bank v. Flatrock 3, LLC*, 2010 WL 2998305, at *3 (D.N.J. July 21, 2010)); *Pinkard Constr. Co.*, 2009 WL 2338116, at *3.

In addition to the aforementioned defects, it is unclear from the notice of removal whether "all defendants who have been properly joined and served [] join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The notice of removal states that defendant Ohanessian has not been served, but that he will be represented by counsel for defendant Miru and that he consents to the removal of this action. Docket No. 1 at 3, ¶ 10. The notice of removal does not state whether the other defendants in this action have been served or whether they consent. Defendant Miru has not yet filed the docket sheet from the state court action, which may allow the Court to determine whether the consent of the other defendants is necessary. *See* D.C.COLO.LCivR 81.1(b) ("No later than 14 days after the filing of the notice of removal, the removing party shall file a current docket sheet."). It is defendant Miru's burden to demonstrate that removal is proper. It has not done so at this time.

For the foregoing reasons, it is **ORDERED** that, on or before **5:00 p.m. on March 20, 2017**, defendant Miru Logistics, Inc. shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED March 10, 2017.

BY THE COURT:

  s/Philip A. Brimmer  
PHILIP A. BRIMMER  
United States District Judge