IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00628-PAB

CHRISTOPHER WIECZOREK,

    Plaintiff,

v.

EDDIE WADSWORTH,
KNIGHT TRANSPORTATION, INC.,
VAHIK OHANESSIAN,
MIRU LOGISTICS, INC., and
INTERSTATE DISTRIBUTOR CO.,

    Defendants.
_____

## MINUTE ORDER
_____

**Entered by Judge Philip A. Brimmer**

    This matter is before the Court on the Stipulation of Dismissal [Docket No. 43] pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) signed by plaintiff and defendant Interstate Distributor Co.

    Despite Rule 41(a)(1)'s reference to the dismissal of an "action," the weight of authority permits a dismissal of all claims pursuant to Rule 41(a)(1)(A) against fewer than all defendants. *See Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010); *Blaize-Sampeur v. McDowell*, 2007 WL 1958909, at *2 (E.D.N.Y. June 29, 2007) (noting that, although the Second Circuit had previously stated otherwise, it had "since adopted the approach of the majority of courts in other circuits – that is, that Rule 41(a) does not require dismissal of the action in its entirety" and permits dismissal of all claims as to a single defendant).

    The stipulation, however, was not signed by "by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii); *see Anderson-Tully Co. v. Federal Ins. Co.*, 347 F. App'x 171, 176 (6th Cir. 2009) (under Fed. R. Civ. P. 41(a)(1)(A)(ii), "all parties who have appeared" includes both current and former parties). As a result, the Stipulation of Dismissal, by itself, does not serve to dismiss this action as to defendant Interstate Distributor Co.

The Court, however, having reviewed the stipulation, finds that dismissal is appropriate.  Therefore, upon the filing of the Stipulation of Dismissal [Docket No. 43], this action was dismissed without prejudice as to defendant Interstate Distributor Co.

DATED June 26, 2017.